UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN OF ACTON, and ) <br> JANET K. ADACHI, MIKE GOWING, ) <br> KATIE GREEN, DAVID CLOUGH AND ) <br> JOHN SONNER AS THEY ARE MEMBERS ) <br> OF THE BOARD OF SELECTMEN ) <br> OF THE TOWN OF ACTON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> W.R. GRACE & CO. – CONN. ) <br> ) <br> Defendants. ) | Civil Action No. _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 defendant W.R. Grace & Co. – Conn. ("W.R. Grace"), by and through the undersigned counsel, files this Notice of Removal from the Superior Court for Middlesex County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 13-4131.  In support of its Notice of Removal, W.R. Grace states as follows:

1. The Town of Acton and its Board of Selectmen (collectively, the "Plaintiffs") commenced a civil action on September 23, 2013 against W.R. Grace in Middlesex Superior Court.  W.R. Grace was served with a copy of the summons, complaint and civil action cover sheet on or around September 24, 2013.  True and correct copies of all process, pleadings and orders served on W.R. Grace are attached hereto as Exhibit A and specifically incorporated herein.

- 2 -

2.      In their complaint, the Plaintiffs allege that they are all Massachusetts citizens. (Complaint at ¶¶ 3-4). The plaintiff, Town of Acton, alleges that it is a Massachusetts municipal corporation with its principal offices at Town Hall, 472 Main Street, Acton, MA 01720.[1] (Complaint ¶ 3). The plaintiffs, Janet K. Adachi, Mike Gowing, Katie Green, David Clough and John Sonner are the duly elected members of the plaintiff's Board of the Selectmen. As stated in the complaint, they all are Massachusetts citizens by virtue of their residence in the Town of Acton. (Complaint ¶ 4).

3.      The defendant, W.R. Grace, is a Connecticut corporation with a principal place of business at 7500 Grace Drive, Columbia, MD 21044. Therefore, there is complete diversity of citizenship of the parties under 28 U.S.C. §§ 1332(a), (c).[2] (Complaint ¶ 5)

4.      The Plaintiffs seek declaratory and preliminary and permanent injunctive relief "restraining and enjoining W.R. Grace & Co. – Conn. and those acting in concert with it from shutting down, decommissioning and/or removing" a water treatment system operated pursuant to a consent decree between W.R. Grace and the United States under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, *et. seq.*, "until such time as Grace has in accordance with [Town of Acton bylaws] on a permanent basis met or surpassed in cleanliness the Groundwater Cleanup Standards established by [the bylaws] . . . for each and every contaminant for which the Cleanup by Grace is or has been undertaken." (Complaint pg. 28-29). The United States Environmental Protection Agency has approved the conditional shutdown of the water treatment system. (Complaint ¶¶ 156-57).

---

[1] A municipal corporation in Massachusetts is considered a citizen of Massachusetts for the purposes of establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1). *Shenker v. City of Lawrence*, 601 F.Supp.2d 356, 357 (D. Mass. 2009).

[2] For removal purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

5. The treatment system has been operating since April 2010. The cost to operate the system since then has been approximately $138,500 per year. Exhibit B, Affidavit of Dr. John H. Guswa, ¶ 3. Based on the allegations in the affidavit of James Okun, filed in support of the Plaintiffs Motion for a Preliminary Injunction, ¶ 45, it is expected to take at least 15 years to attain the Town of Acton bylaw cleanup standards. Thus, the expected cost to operate the system until that date is $2,077,500 or more. Exhibit B, Affidavit of Dr. John H. Guswa, ¶ 4. Therefore, the amount in controversy in the Plaintiffs' state court action is $75,000 or more, exclusive of costs and interest, as required by 28 U.S.C. § 1332(a).

6. W.R. Grace was served with a summons and a copy of the complaint on or around September 24, 2013, and therefore this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since the service of the Complaint.

7. For the aforementioned reasons, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(2), and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), because it is both a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.

8. Pursuant to Rules 5.4(F) and 81.1 of the Local Rules for the District of Massachusetts, the Defendants will furnish within twenty-eight (28) days of the filing of this Notice of Removal, a certified or attested copy of all docket entries, and proceedings in the Superior Court together with a disk containing the record before the Superior Court in PDF format.

                                        Respectfully Submitted,

Dated: September 25, 2013            W.R. GRACE & CO. – CONN.
                                        by its attorneys

                                        /s/Seth D. Jaffe_____
                                        Seth D. Jaffe (BBO No. 548217)
                                        sjaffe@foleyhoag.com
                                        Jesse Harlan Alderman (BBO No. 678604)
                                        jalderman@foleyhoag.com
                                        FOLEY HOAG LLP
                                        155 Seaport Boulevard
                                        Boston, MA 02210-2600
                                        617-832-1000

- 5 -

## **CERTIFICATE OF SERVICE**

      I, Jesse Harlan Alderman, hereby certify that on this 25th day of September, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused a copy of the above document to be delivered via first-class U.S. Mail to the following counsel of record for the Plaintiffs:

      Mina S. Makarious
      ANDERSON & KREIGER LLP
      One Canal Park, Suite 200
      Cambridge, MA  02141


      /s/ Jesse Harlan Alderman
      Jesse Harlan Alderman